**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RYAD OUABOU,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**MARK WAYNE MULLIN,** ***in his official capacity, Secretary, U.S. Department of Homeland Security, et al.*****,**<br><br>**Respondents.** | **Civil Action No.: 26-8570 (ES)**<br><br>**ORDER** |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. Mr. Ryad Ouabou ("Petitioner") has submitted a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] (D.E. No. 1 ("Petition" or "Pet.")). According to the Petition, Petitioner is currently detained at Delaney Hall in Newark, New Jersey. (*Id.* ¶ 9). Petitioner requests an order to show cause ("OTSC") and an order enjoining Respondents from transferring Petitioner outside the District of New Jersey during the pendency of this Petition. (*Id.* at 2, 9).

2. Chief Judge Renee Marie Bumb has entered a Text Order enjoining Respondents from transferring Petitioner from New Jersey pending further order of this Court. (D.E. No. 2).

3. 28 U.S.C. § 2243 provides in relevant part that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an

---

[1] Petitioner names as respondents (in their official capacities): Markwayne Mullin, Secretary of Homeland Security; Ruben Perez, Field Office Director of U.S. Immigration and Customs Enforcement's Newark Field Office, and Luis Soto, Warden of the Delaney Hall Detention Facility. (Pet. ¶¶ 10–12).

order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Under this statutory provision, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." However, "[t]hat statute . . . is 'not the only statute governing a habeas petition.'" *Schumaker v. Knight*, No. 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024) (quoting *Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017)). Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule"), applicable to 28 U.S.C. § 2241 cases through Habeas Rule 1(b), "provides the Court an alternative procedure, one that takes priority over the requirements of 28 U.S.C. § 2243." *Id.*; *see also Iremashvili*, 2017 WL 935441, at *2 (explaining that, as a procedural rule subsequently adopted by the Supreme Court and approved by Congress, Habeas Rule 4 supersedes § 2243). "Because Habeas Rule 4's flexible time limits apply, 'the Court is not obligated to issue a show-cause order. . . .; indeed, the common practice for courts in this District is to order respondents to answer within 45 days.' *Iremashvili*, 2017 WL 935441, at *4." *Benitez Castro v. Bondi*, No. 25-17598, 2025 WL 3213829, at *1 n.5 (D.N.J. Nov. 18, 2025). Accordingly, to the extent he requests an OTSC, Petitioner's Motion is denied.

4. Under Habeas Rule 4, the Court must promptly examine the Petition to determine whether it should be dismissed on the grounds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Habeas Rule 4.

5. This Court has screened the Petition for dismissal pursuant to Habeas Rule 4 and

has determined that dismissal without an expedited answer and production of the record is not warranted.

6. Pursuant to the All Writs Act, *see* 28 U.S.C. § 1651(a) (empowering the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"), the Court orders that Petitioner shall not be transferred from the District of New Jersey, or removed from the United States, pending further order of this Court.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 13th day of July 2026,

**ORDERED** that Petitioner's request for an OTSC, (*see* Pet. at 2), is **DENIED**; and it is further

**ORDERED** that Petitioner **SHALL NOT BE TRANSFERRED** from the District of New Jersey, and **SHALL NOT BE REMOVED** from the United States, pending further order of this Court; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of the Petition, (D.E. No. 1), the attachments to the Petition, (D.E. Nos. 1-1 through 1-3), and this Order upon Respondents by electronic mail and regular U.S. Mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of Court shall forward a copy of the Petition, (D.E. No. 1), the attachment to the Petition, (D.E. Nos. 1-1 through 1-3), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within twenty-one (21) days of the date of entry of this Order,

Respondents shall electronically file a full and complete answer to the Petition, (D.E. No. 1), which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that, with the answer, Respondents shall electronically file certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file a reply in support of the Petition within fourteen (14) days after the answer is filed; and it is further

**ORDERED** that within three (3) days after any change in Petitioner's custody or immigration status (be it release or otherwise) occurring any time during the pendency of this case, Respondents shall electronically file a written notice of the same with the Clerk of Court.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**